## BANK OF KENTUCKY v. S. B. POYNTZ ET AL.

[Abstract Kentucky Law Reporter, Vol. 2—308.]

**Satisfaction of Claim.**

When a creditor by his voluntary act accepts a sum less than the amount of his claim under an agreement of creditors, in full satisfaction of his debt, he can not make an additional collection on the claim unless it is shown that the debtor fraudulently procured the creditor to accept the lesser sum in satisfaction of his claim.

### APPEAL FROM WASHINGTON CIRCUIT COURT.

March 10, 1881.

OPINION BY JUDGE HARGIS:

There is no admission in the pleadings of John B. Poyntz or James P. Poyntz that they, or the firm of Poyntz & Co., are indebted to the appellant bank in any sum on account of the payment made to it by Samuel B. Poyntz as their surety. Their pleadings distinctly admit and assert their indebtedness to Samuel B. Poyntz therefor, but in describing or referring to the debt they occasionally denominate it as the bank or Samuel B. Poyntz debt. Their pleadings with reference to this claim should be construed together, and not by isolated sentences, the meaning of which may be perverted unless the whole that has been said by these parties in their pleadings be considered.

The assignment by Samuel B. Poyntz to the bank of his claim against Poyntz & Co., by reason of the payment to it, as their surety, of the fifty cents on the dollar, was for the benefit of the bank to enable it to collect the whole of the remainder of its claim against Poyntz & Co. The bank admits in its pleadings that the assignment was made for the purpose of securing its debt against Poyntz & Co., and good faith requires that it shall not be allowed to convert a collateral into an absolute assignment, so it may establish the right to receive more than the amount of the whole of its

original claim. While it generously says it will refuse to receive more than one hundred cents to the dollar with interest thereon, if the court should decide in its favor, yet this can not change the law, for if it is entitled to any of the claim it owns the whole of it.

The display of supposed generosity in effect admits the injustice of the legal right claimed to exist and demanded for the bank, which, if allowed, would present the case of a creditor receiving greatly more than the whole of the debt in its primary and undiminished state. The law can not maintain such a disposition upon the part of the bank towards its principal debtors and their security. After it accepted the fifty cents on the dollar and the assignment from Samuel B. Poyntz and released him, it entered into a contract with his principals, Poyntz & Co., whereby it accepted the sum of $2,500 in full discharge of the whole of its claim against them. This composition settled and discharged all the liability of Poyntz & Co. to it on account of the claim on which Samuel B. Poyntz was their surety.

Thus the bank, by its own voluntary act, accepted the last named sum in satisfaction of their debt, and there is no rule based in equity and good conscience that will justify an additional collection on this satisfied claim unless it were shown that Poyntz & Co. fraudulently procured the bank to accept the $2,500 in satisfaction of its claim against them. And there has been no sufficient proof introduced of such conduct on their part.

The bank has failed to show its right to the claim asserted by Samuel B. Poyntz, and whether he is entitled to it or not in no way concerns the bank, as it must recover on the strength of its own title to the claim, and not upon the weakness of Samuel B. Poyntz's title to it. Poyntz & Co. alleged in express terms their indebtedness to him for the amount of his payment as their surety, and the court having adjudged it to him, the bank can not complain, as it had parted with all of its right in the principal debt for a valuable consideration. Consequently, the claim assigned for the security of the principal debt was released to the owner.

Poyntz & Co. do not complain of the judgment, and, perceiving no error to the prejudice of the appellant, it is *affirmed*.

*Breckinridge & Shelby, J. G. Hickman, Goodloe, Roberts & Humphrey, for appellant.*

*William Lindsay, W. H. Wadsworth, for appellees.*